J. A. Dean & Son, Appellee, v. J. E. Goodrich and J. J. Goodrich, Appellant.

**Agency:** COMMISSION CONTRACTS: PLEADINGS: CONSTRUCTION. A plaintiff is not required to prove all the allegations of his petition, yet he must allege and prove enough to constitute a cause of action; and generally the interpretation which he puts upon a contract alleged in his petition is binding upon him. Thus where the real substance of plaintiffs' charge was that they were to visit certain localities and furnish defendants such information as they had or could acquire concerning lands suitable and desirable for platting into town lots, to assist in selecting available tracts for that purpose, and to render such further assistance as might be practicable in aiding the defendants to procure the same, the contract thus alleged did not require plaintiffs to make actual purchases for defendants, or to bring them into direct communication with the owners of the lands.

**Same:** BURDEN OF PROOF: REVIEW ON APPEAL. One suing to recover commissions under an alleged contract has the burden of proving his allegations, or enough to justify recovery; but as the action is at law the findings of the jury, or of the court without a jury, will not be disturbed on appeal, where such findings have substantial support in the evidence, and even though a different result might have been sustained.

*Appeal from Woodbury District Court.—*HON. JOHN F.
OLIVER, *Judge.*

SATURDAY, MARCH 15, 1913.

ACTION at law to recover commissions for assisting defendants in finding and securing certain real estate in the states of North and South Dakota. A jury was waived, and the case, on issues joined, was tried to the court, resulting in a judgment for plaintiff for part of the amount claimed, and defendants appeal.—*Affirmed.*

*Henderson & Fribourg* and *Charles C. Dutch,* for appellants.

*Milchrist & Scott,* for appellee.

DEEMER, J.—Plaintiff is a real estate firm doing business in the city of Sioux City, and defendants were engaged in the same business, although residing in the state of Illinois. Plaintiff had a large number of agents with whom it was doing business. or had close relations in many states, including North and South Dakota. Defendants were engaged in buying or securing options upon tracts of land adjacent to cities of some promise, which lands they platted into town lots and sold to such purchasers as they could induce to buy, generally at considerable profit to themselves. Previous to having any negotiations with plaintiff, defendants, as we understand it, had secured options on land contracts, upon lands adjacent to Sioux City, which they had platted and sold; and hearing, in some way, of plaintiff's agency facilities and knowledge of the country in the states of North and South Dakota, they entered into some kind of contract with it (plaintiff), the exact nature of which is in some dispute, to assist them in locating tracts of land, which could be platted and sold out as town lots. Pursuant to this arrange-

ment, one or both of the parties constituting plaintiff's firm wrote to various towns and cities in North and South Dakota, and, in the course of their investigations, found suitable lands near Aberdeen, S. D., and Grand Forks, N. D., upon which defendants secured options, or to which they obtained titles; which lands were platted into town lots and sold to various purchasers. Plaintiff also claims that it was to have two and one-half per cent. commission upon the purchase price or value of the lands for their services, and that upon the South Dakota land they earned the sum of $900, and upon the North Dakota land they earned the sum of $125, no part of which has been paid, and they asked judgment for the sum of $1,025, with interest.

Defendants filed a long answer, the substance of which was, first, a general denial of plaintiff's claim; second, a denial that plaintiffs had anything to do with the purchase of lands in North Dakota, or that plaintiffs had anything to do with the lands purchased by them in South Dakota. They aver that they purchased or secured options thereon through another and independent source. They also pleaded a full settlement with plaintiffs, and payment for all services rendered by them. They further plead another and entirely different version of the contract between themselves and the plaintiffs, and alleged that nothing was due plaintiffs thereunder, for the reason that said plaintiffs had not complied with its terms of the agreement, in that it did not, at any time, present to them any one who was able to sell them the lands which they subsequently platted, and that they acquired the same from a wholly distinct and independent source or sources. Upon these issues, the case was tried, resulting in a judgment for the plaintiffs, because of a commission earned in negotiating for, or putting defendants on track of, the South Dakota property and denying them any relief as to the property obtained in North Dakota. The defendants appeal.

As will be observed from this statement of the issues, the questions are largely of fact, although appellants present

some legal propositions which are very well settled; and the only doubt regarding these are their applicability to the facts. Condensed in brief form, the contentions for appellant are: (a) That the court misconstrued the contract pleaded and testified to by the plaintiff; (b) overlooked the fact that plaintiff did not show that it was the procuring cause of the sale; (c) erred in holding that the contract claimed by plaintiff was exclusive in character; (d) erred in finding for plaintiff, because it failed to show that it brought defendants in touch with the owners or agents of the land, or had anything to do with the purchase of the lands; and (e) erred in finding that there had been no settlement between the parties.

The fundamental point of difference between the parties is as to the nature of the contract pleaded by plaintiffs, and to which they testified upon the trial. This dispute calls for an inspection of the plaintiffs' petition; and while this is not conclusive, because plaintiffs need not prove all the allegations of their petition, they must allege enough to constitute a cause of action, and, as a rule, the interpretation which they put upon their contract in their petition is binding upon them, although they are not required to prove every allegation thereof. It is sufficient that they plead and prove enough to entitle them to some relief.

1. AGENCY: commission contracts: pleadings: construction.

Going, then, to the allegations of the petition, and omitting all incidental matters and everything pleaded by way of inducement, we extract the following as material to our present inquiry:

That, on or about the date aforesaid, the defendants entered into an oral agreement with the plaintiffs, by the terms of which the plaintiffs on their part were to visit various towns and cities to be agreed upon, in the states of South Dakota, North Dakota, and Nebraska, either alone or with the defendants, and make inquiry and furnish defendants with such information as they had or could acquire, and assist the defendants in selecting tracts of land available and suitable

to be platted into town lots, and further to render the defendants such assistance as might be found practicable in negotiating for the purchase or otherwise procuring such tracts of land for such purposes. That the defendants on their part undertook and agreed, in consideration of such services and assistance, to pay the plaintiff the sum of two and one-half per cent. upon the purchase price or value of each tract of land found and selected through the co-operation of the plaintiffs and the defendants, or concerning which plaintiffs furnished such services. That, pursuant to and in conformity with the oral agreement aforesaid, O. S. Dean, one of the plaintiffs, on or about the 6th day of July, 1909, accompanied the defendant, J. E. Goodrich, upon a trip through South Dakota and North Dakota, during which trip they visited the cities of Yankton, Mitchell, and Aberdeen in the state of South Dakota, and Fargo and Grand Forks in the state of North Dakota, spending sufficient time at each of said places to examine lands, make inquiry, and becoming familiar with the situation with reference to defendants' purpose, the said O. S. Dean traveling at his own expense; and that, between the said 1st day of July and the 1st day of December of said year, the plaintiff devoted a large amount of time to the defendants' said business, visiting and inspecting lands in the states of South Dakota, North Dakota, and Nebraska, and carrying on correspondence with divers parties at divers places, and during said month of July, found and brought to the attention of the defendants a certain tract of land adjacent to the plat of the city of Grand Forks, inspecting such land with the defendants, and assisted the defendants in bringing the owner and the defendants together, with the purpose of negotiating the purchase of said land. That about the 1st day of August, 1909, the defendants closed said transaction and purchased said tract of land, accepting the same at an agreed valuation of $5,000. That, by reason of the facts aforesaid, the plaintiffs became entitled to a commission under their contract in the sum of $125. That, on the trip which the said O. S. Dean made with the defendants aforesaid, he discovered and brought to the attention of the defendants a certain tract of land adjacent to the city plat of the city of Aberdeen, S. D.; said tract aggregating one hundred and twenty acres. That said Dean inspected said land with the defendants, J. E. Goodrich, as well as other lands in that vicinity, advised with him as to the

availability of said land, and brought him in contact with the owner thereof and with the agents representing the owner. That said tract of land was satisfactory to the defendants, and was selected and decided upon as an available tract for platting, if it could be procured, and said defendants determined at said time to select and procure said land if possible. That defendants thereafter continued their efforts to purchase said land, and finally procured the same, entering into a contract for its purchase, as plaintiffs are informed and believe, at the valuation of $36,000; and plaintiffs allege the fact to be that said land was of the reasonable value of $36,000. That said defendants afterwards platted said land and used the same for the purpose of their said business. That, by reason of said transaction and facts aforesaid, the plaintiffs are entitled to a commission for their services, under said contract, in the sum of $900.

Excepting the land in South Dakota, there is no allegation that plaintiffs were to or did have anything to do with the owners; but it is there stated that plaintiffs did bring one of the defendants in contact with the owners, and with the agents representing the owner. Construing the pleading as a whole, however, this seems to be an unnecessary allegation, for the gravamen of the charge seems to be that plaintiffs were to visit certain towns to be selected by them, either with or without the defendants, and were to furnish information to defendants as to suitable sites and such information as they had or could acquire, and assist in selecting available tracts to be platted into town lots, and to render such further assistance to defendants as might be practicable in negotiating for the purchase or otherwise procuring such tracts of land for the purposes desired. At no place do we find an allegation that, by the terms of the agreement, they were to purchase the lands from the owners or do anything more in this respect than to render such assistance as might be practicable in negotiating for the purchase or otherwise procuring the tracts.

The allegations as to agency do not, as we read them,

contemplate the actual purchase by the plaintiffs for the defendants, or even the finding of the owners or conducting any other than preliminary negotiations with them, and then only by way of assistance to the defendants.

The burden was, of course, upon plaintiffs to prove the allegations of their petition, or enough thereof, to justify a recovery; but as the case is at law, and was tried to the court without a jury, the findings will not be disturbed, except it appears that these findings are without any substantial support in the testimony. An examination of the evidence convinces us that the trial court might have found practically all of the allegations of the petition with reference to the land near Aberdeen in South Dakota were true; the only exception being that the final negotiations with the owners were conducted by one Crowell, who lived near Fargo, and claimed to be acquainted with the Aberdeen land, or the parties who owned it. It seems that one Bundy, or a company represented by him, was the agent for the owners of the land; but none of the various parties, it seems, could deal with him, and so it was not until they all met Crowell at Fargo (Crowell being one of plaintiff's correspondents, who was introduced by them to the defendants) that anything was done toward acquiring the title to the lands. Plaintiffs still kept the Aberdeen tract in mind, and, learning from Bundy, some time after their visit there, that the tract was still available, they so wrote defendants, and defendants then took the matter up with Crowell, who personally went to Aberdeen and closed up the transaction. As soon as this was done, defendants wrote plaintiffs of the fact and gave them the details of the transaction. They recognized that plaintiffs should have a commission from some one for their time, trouble, and expense; but, learning that Bundy had received $1,200 by way of commission from the owners, they indicated that he should pay the plaintiffs. Such being the substance of the record, we cannot say that the trial court erred in finding defendants

2. SAME: burden of proof: review on appeal.

liable to plaintiffs for the commission they agreed to pay, in so far as the South Dakota land is concerned. It is not averred in the petition nor was the case tried on the theory, that plaintiffs should find the owners of the land and actually purchase the land. The allegations of the petition which we have already quoted clearly negative that thought, and we do not think the trial court misinterpreted the nature of the contract pleaded and attempted to be proved by the plaintiffs. Defendants' argument is based largely upon their version of the arrangements between the parties, which materially differs from the claim made by the plaintiffs. The trial court, under the testimony, might have adopted either claim; but having found for plaintiffs and apparently adopted their claim, and such finding having support in the testimony, we are not justified in interfering.

II. The claim of settlement and payment is not supported by sufficient testimony. Indeed, this proposition is merely suggested as one of the points for reversal, without any argument made in its support. Our examination of the testimony, in this connection, leads to the conclusion that the trial court committed no error here.

We find no reason for disturbing the judgment, and it must be, and it is, *Affirmed.*